# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE RUCKER, | ) |
|                 Petitioner, | ) Civil Action No. 11 - 82 |
|                 v. | ) Magistrate Judge Lisa Pupo Lenihan |
| WARDEN MICHAEL CURLEY; THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | ) |
|                 Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Lance Rucker, a state prisoner incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

### A. Relevant Procedural History

The record evidence reveals the following. On April 23, 2001, in the Court of Common Pleas of Allegheny County, Pennsylvania, Petitioner was convicted by a jury of Second Degree Murder and related charges and was sentenced to life imprisonment. Petitioner filed a timely notice of appeal and on August 20, 2002, the Superior Court of Pennsylvania affirmed his judgment of sentence. Petitioner filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on March 7, 2006.

1

On September 21, 2006, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. On November 1, 2006, the PCRA Court denied Petitioner's PCRA Petition. Petitioner filed a timely Notice of Appeal and on January 8, 2008, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief. On September 12, 2008, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal.

On October 31, 2008, Petitioner filed a second *pro se* Motion for Post Conviction Collateral Relief. On December 22, 2008, this Petition was dismissed as untimely. Petitioner did not file any appeal from this order.

On June 17, 2009, Petitioner filed a third *pro se* Motion for Post Conviction Collateral Relief. On July 7, 2009, this Petition was dismissed as untimely. Petitioner filed a timely Notice of Appeal and on August 13, 2010, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief.

Petitioner's federal Petition for Writ of Habeas Corpus was executed on January 20, 2011.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the

3

statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the Supreme Court of Pennsylvania denied Petitioner's timely filed Petition for Allowance of Appeal on March 7, 2006. Consequently, direct review of Petitioner's conviction became "final" on or about June 5, 2006, *i.e.*, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Thus, Petitioner had one year from that date, *i.e.*, until June 5, 2007 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas in this Court until January 20, 2011, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed his first PCRA Petition on September 21, 2006. As stated above, his one-year limitations period began running on June 6, 2006 and continued to run until September 21, 2006, when he filed his PCRA petition. From June 6, 2006 until September 21, 2006, 107 days had run on Petitioner's one-year limitations period; 258 days remained (365-107=258). Petitioner's one-year AEDPA limitations was tolled while he was pursuing his

4

PCRA proceeding from September 21, 2006 through September 12, 2008, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. *See* Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition). He is not entitled to any tolling with regards to his second or third PCRA Petitions as those petitions were dismissed as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that untimely Pennsylvania PCRA petition does not toll AEDPA's limitation period); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state post conviction petition is properly filed when its delivery and acceptance are in compliance with applicable laws). Thus, his limitations period began running again on September 13, 2008 and expired 258 days later on May 29, 2009.

Unfortunately for him, Petitioner did not file his federal habeas corpus petition until January 20, 2011, almost eighteen months after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. Id. at 978. *See also* LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied*, 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

Moreover, while Petitioner sets forth an argument that he was actually innocent of the crimes of which he was convicted, it should be noted that the Court of Appeals for the Third Circuit has not held that a showing of actual innocence is grounds for equitably tolling AEDPA's statute of limitations. *See, e.g.*, Horning v. Lavan, 197 Fed. App'x. 90, 93-94 (3d Cir. 2006) ("we have yet to

hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence"); LaCava v. Kyler, 398 F.3d 271, 274 n. 3 (3d Cir. 2005) (declining to address whether petitioner's actual innocence claim could overcome the AEDPA time bar).  The Court has indicated that, if it were to permit equitable tolling based upon a claim of actual innocence, a petitioner would not be entitled to benefit from such tolling unless he exercised reasonable diligence in pursuing his claim. Horning, 197 Fed. App'x at 94; *see also* Doe v. Menefee, 391 F.3d 147, 160-62 (2d Cir. 2004), *cert. denied*, 546 U.S. 961 (2005) (holding that habeas petitioner seeking tolling of statute of limitations based on actual innocence must demonstrate "reasonable diligence during the period that he seeks to have tolled").  Moreover, as observed by the United States Supreme Court in Schlup v. Delo, 513 U.S. 298, 324 (1995), actual innocence requires that a petitioner must provide "new reliable evidence . . . not presented at trial" which demonstrates that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  Such new evidence should generally take the form of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."  *Id*. at 324.  Petitioner fails to satisfy this standard.

       The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).  Consequently, the Petition will be dismissed as untimely.

## C. Certificate of Appealability

       Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued.  A certificate of appealability should be issued only when a

7

petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability will be denied. An appropriate order will follow.

**AND NOW**, this 30th day of August, 2011;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED as untimely.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Lance Rucker
354915
SCI Muskegon Correctional Facility
2400 S. Sheridan Dr.
Muskegon, WI 49442

9